**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRANDON FEILING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-149-SMY** |
| | ) | |
| **RAYMOND P. MARCHIORI, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

This case is before the Court for consideration of Plaintiff Brandon Feiling's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) and preliminary screening of his Amended Complaint (Doc. 6). Under 28 U.S.C. § 1915, an indigent party may commence an action without paying required costs and fees upon submission of an affidavit demonstrating the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Here, much of Feiling's affidavit is incomprehensible and missing responses to several of the prompts. As such, Feiling has failed to establish indigent status.

Moreover, Feiling's Amended Complaint would not survive threshold review. Under § 1915(e)(2), the Court may dismiss the Complaint of a party proceeding *in forma pauperis* if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Feiling's Amended Complaint and forty-five pages of attached exhibits are largely incoherent. He attempts to assert claims for obstruction of justice, failure to allow fair trial, "aid

of fraud," and violations of several federal statutes against various state agencies and officials. However, his "Disclosure of Facts for Federal Jurisdiction" is mostly incomprehensible such that the Court cannot discern who is alleged to have done what. Dismissal is appropriate when a "lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

Accordingly, Feiling's Motion to Proceed in forma pauperis (Doc. 3) is **DENIED**, the Amended Complaint (Doc. 6) is **DISMISSED without prejudice**, and all pending motions are **TERMINATED as MOOT**. Feiling may file a second amended complaint and new motion to proceed IFP within 30 days of this Order. Failure to file a legible amended complaint will result in dismissal of this action with prejudice without further notice.

**IT IS SO ORDERED.**

**DATED: August 17th, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**